676 P.2d 734

**David SMETHERS,
Plaintiff-Respondent,**

v.

**Mr. and/or Mrs. Larry WILSON,
Defendants-Appellants.**

No. 14663.

Court of Appeals of Idaho.

Feb. 14, 1984.

Kim R. Kildew and Rockne King Lammers (argued) of Risch, Goss, Insinger & Sallady, Boise, for defendants-appellants.

Terry R. McDaniel of Brady, McDaniel & Matthews, Boise, for plaintiff-respondent.

PER CURIAM.

The sole issue in this appeal is: when does the time for appealing a judgment of the small claims department of the magistrate division begin to run? David Smethers obtained such a judgment against Larry and Ethel Wilson for amounts allegedly due for the installation of a sprinkler system. Following a hearing in the small claims department the magistrate signed the judgment on January 18, 1982. This judgment was filed by the clerk on January

19, as indicated by the filing stamp. The Wilsons appealed to the district court on February 18, thirty-one days after the magistrate had signed the judgment, but thirty days after the judgment had been filed. Smethers moved to dismiss the appeal on the ground that it had not been timely filed. The district court granted the motion, holding that the thirty-day time limit on filing a notice of appeal began to run when the magistrate signed the judgment. We reverse.

■ The Idaho Rules of Civil Procedure apply to proceedings in the small claims department only insofar as provided by Rule 81. I.R.C.P. 1(a). To appeal from an adverse decision a party must file a notice of appeal "in the manner, within the time, and in the form provided by law." I.R.C.P. 81(*l*). The law provides that "[i]f either party is dissatisfied he may, within thirty days from the entry of said judgment against him, appeal to a district judge ...." I.C. § 1–2311.

■ Smethers argues that the time for filing an appeal began to run from the date on which the magistrate signed the judgment. He cites language from I.C. § 1–2313 and I.R.C.P. 81(h) to support his claim. "If no appeal is taken by the defendant and the defendant fails to pay the judgment *according to the terms and conditions thereof*," I.C. § 1–2313 requires the magistrate to certify his judgment "in substantially the following form:"

* * * This is to certify that in a certain action before me, the undersigned, had on this the ..... day of ....., 19..., wherein ..... was plaintiff and ..... was defendant, jurisdiction of said defendant having had by personal service (or otherwise), as provided by law, *I then and there entered judgment* against said defendant in the sum of ..... dollars, which judgment has not been paid. [Emphasis added.]

We do not believe a statute which is applicable only "if no appeal is taken" should be controlling in determining what is meant

by "entry of judgment" for purposes of defining the time for taking an appeal.

Idaho Rules of Civil Procedure 81(h) states:

> As soon as the court has arrived at a decision in a small claim, after a hearing as provided by statute, *the court shall forthwith enter judgment* in accordance with its decision upon a form [1] furnished by the court, and the clerk shall serve copies of such judgment or notices of judgment upon both the plaintiff and the defendant either by personal delivery or by mailing to their addresses determined by the court most likely to give notice to such parties. [Emphasis added.]

Smethers points out that I.C. § 1–2313 and I.R.C.P. 81(h) require the court to enter judgment. He contends that the only means by which the court itself could enter judgment was to *sign* the judgment. He urges, therefore, that the date of signing the judgment commenced the period for filing an appeal. We do not agree.

In *Faris v. Burroughs Adding Machine Co.*, 48 Idaho 310, 282 P. 72 (1929), our Supreme Court held that "[t]here is a difference between signing a judgment and entering it . . . ." *Id.* at 326, 282 P. at 77. In that case, the appellant had urged that the judgment had been improperly signed by the judge instead of by the clerk. The then controlling statute, C.S. § 6895 (1919), required that the "judgment must be entered by the clerk . . . ." The court held that while the clerk was required to *enter* the judgment, the judge properly *signs* the judgment.

Today, there is still a difference, in our opinion, between signing a judgment and entering it. Thus, even though Rule 81(h) apparently contemplates that *the court* should enter the judgment, it does not necessarily follow that the court enters judgment by signing it. We believe the district court mistakenly treated I.C. § 1–2313 and Rule 81(h) as imparting a special meaning to "entry of said judgment" as used in I.C. § 1–2311. In our view, this phrase should

be given its ordinary, well-established meaning.

Black's Law Dictionary (rev. 5th ed. 1979) defines "entering judgments" as follows:

> The entering of judgment is a ministerial act performed by the clerk of court by means of which permanent evidence of judicial act in rendering judgment is made a record of the court. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 291. Under some statutes or court rules, the entering consists merely in the filing of a judgment with the clerk, while under others the entry of a judgment consists in the recording of it in the judgment book or civil docket. Fed.R.Civil P. 55, 58, 79.

*Id.* at 476. Idaho follows this general rule. "The placing of the clerk's filing stamp on the judgment constitutes the entry of the judgment . . . ." I.R.C.P. 58(a).

Smethers argues, however, that I.R.C.P. 58(a) does not apply because I.R.C.P. 1(a) specifically limits the applicability of the rules of civil procedure in small claims actions except as provided by I.R.C.P. 81. As noted above, I.R.C.P. 81(*l*) requires a notice of appeal to be filed *within the time provided by law*. We believe that I.R.C.P. 81(*l*) is broad enough to encompass the definition of "entry of judgment" found in I.R.C.P. 58(a), for I.R.C.P. 58(a) is the *only* provision of the law which defines entry of judgment. The entry of judgment, in turn, commences the "time provided by law" for filing an appeal. I.C. § 1–2311.

In *Dalton v. Abercrombie*, 35 Idaho 290, 206 P. 1051 (1922), our Supreme Court interpreted C.S. § 7179 (1919). That statute provided in part: "Any party dissatisfied with a judgment rendered in a civil action in a probate or justice's court may appeal therefrom to the district court of the county at any time within 30 days after the rendition of the judgment . . . ." The court held that "rendition of the judgment" meant "entry in the justice's docket." Because the justice's court, like the present

---

1. In this case the magistrate used a printed form entitled "Certificate of Judgment." The form contains language which is unnecessary and inappropriate for the judgment itself.

small claims department, was not a court of record, entry of the judgment in the justice's docket provided the only means to formally show the details of the judgment.

A similar problem would arise under Smethers' interpretation of I.C. § 1–2311. We note that I.R.C.P. 81(h) requires the clerk to serve copies of the judgment on the parties. It is readily conceivable that if the magistrate, after signing the judgment, failed to deliver it to the clerk, the time for appeal could expire before the clerk serves the required notice. It would be inequitable to foreclose the opportunity to appeal in such a case. *Cf. Herrett v. Herrett,* 105 Idaho 358, 670 P.2d 63 (Ct.App.1983). We are persuaded that the only way to be certain that the parties obtain *timely* notice of the judgment and its contents is to begin the time for appeal upon the filing of the judgment in the clerk's office. This interpretation better comports with the goal of a "just determination" of every action. I.R.C.P. 1(a).

This result is also in harmony with decisions of our Supreme Court in other types of cases. *See Eimco Corp. v. Sims,* 100 Idaho 390, 598 P.2d 538 (1979); *Berding v. Varian,* 34 Idaho 587, 202 P. 567 (1921) (holding that when a judgment is filed with the clerk's office it is deemed to be entered). In this case, the clerk's filing stamp bears the date January 19. Although the magistrate signed the judgment on January 18, we deem the judgment to have been entered on the date indicated by the clerk's filing stamp. The notice of appeal having been filed thirty days after the date on the clerk's stamp, the appeal was timely. We therefore reverse the order of the district court and remand for a trial de novo before a district judge. I.R.C.P. 81(n). Costs to appellants.