701 P.2d 260

**Lewis R. KULCZYK, Plaintiff-Appellant,**

v.

**Anthony G. KEHLE, Defendant-Respondent.**

No. 15163.

Court of Appeals of Idaho.

May 22, 1985.

Jonathan W. Cotterell, Sandpoint, for plaintiff-appellant.

William H. McAdam, Jr., Sandpoint, for defendant-respondent.

WALTERS, Chief Judge.

Lewis Kulczyk filed this action alleging Anthony Kehle failed to make funds available to cover two checks Kehle had issued to Kulczyk in payment for forty-seven ounces of gold. Kehle alleged as an affirmative defense that no consideration was exchanged for the checks because the checks were to be honored only if Kehle sold the gold to a third party. Following a bench trial, the district court entered a memorandum decision in favor of Kehle. On Kulczyk's motion, the district court amended its memorandum decision, but the result—dismissal of Kulczyk's claim—remained the same. We vacate the district court judgment and we remand for further proceedings.

On June 7, 1982, Kehle wrote two postdated checks naming Kulczyk as payee. One check, dated July 7, 1982, was in the amount of $20,000; the second one, dated August 7, 1982, was in the amount of $25,000. Also on June 7, 1982, Kulczyk placed approximately forty-seven ounces of gold in the hands of Lee Mahler, the manager of a local bank. Kulczyk testified he gave the gold to Mahler to hold until the checks were honored on or before the date written on each check. He also testified he received the checks at the same time and that the transaction was a sale of the gold to Kehle. Kehle testified he gave the checks to Mahler and that he only agreed to attempt to sell the gold on Kulczyk's behalf. According to Kehle, Mahler was supposed to return the checks to him when he, Kehle, found a buyer for Kulczyk's gold; but in no event were the checks intended to be used for payment to purchase the gold on Kehle's behalf. Mahler was the only other witness at trial. His testimony in part supported Kehle's position, but it also was consistent with portions of Kulczyk's version of the transaction.

The district court held that Kulczyk's evidence did not meet the burden of proof entitling him to recover. Because Kulczyk's evidence did not have more convincing force than evidence presented by

Kehle, the district court dismissed Kulczyk's claim. Kulczyk moved to amend the memorandum decision, urging application of I.C. § 28–3–307(2). That statute provides, in respect to negotiable instruments: "[w]hen signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." Kulczyk believed production of the signed checks was sufficient to entitle him to recover. The district court amended its memorandum decision, but again concluded that Kulczyk did not satisfy his burden of proof. The court held that Kehle had demonstrated a defense to Kulczyk's claim, placing the burden on Kulczyk pursuant to section 28–3–307(3) to prove he acquired the checks as a holder in due course. Because Kulczyk did not prove, nor even claim, that he was a holder in due course, his complaint was dismissed.

On appeal, Kulczyk argues that the district court improperly placed the burden on him to disprove Kehle's affirmative defense. Because the district court held the evidence did not preponderate in favor of either party, Kulczyk believes Kehle failed to prove his affirmative defense. By dismissing his claim in the face of an unproved affirmative defense, Kulczyk argues the district court improperly placed the burden on him to prove he was a holder in due course. On review, we conclude the district court's findings of fact and conclusions of law are inadequate. We therefore vacate the judgment and remand this case for further proceedings.

If a check or some other negotiable instrument is taken for an underlying obligation and the instrument is subsequently dishonored, an action may be brought on either the instrument or the underlying obligation. I.C. § 28–3–802. When an action is brought on the instrument and the signatures on the instrument are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. I.C. § 28–3–307. The plaintiff may be immune from an established defense by claiming and proving to be a holder of the instrument in due course. I.C. § 28–3–307; I.C. § 28–3–305. If the defendant has no defense or fails to establish a defense, the plaintiff is entitled to recover, upon production of the instrument, without showing he is a holder in due course. I.C. § 28–3–307.

In its first memorandum decision, the district court stated in regard to Kehle's affirmative defense: "the court cannot say that the evidence on either side of the issue preponderates and plaintiff's evidence does not have any more convincing force than the defendant's."[1] Citing *Big Butte Ranch, Inc. v. Grasmick*, 91 Idaho 6, 415 P.2d 48 (1966), for the proposition that when evidence on neither side of an issue preponderates the holding must be adverse to the party bearing the burden of proof, the district court dismissed Kulczyk's claim. In this case, where Kehle had the burden to prove the affirmative defense, the district court's holding should have been adverse to Kehle if the evidence did not preponderate on either side. In its amended decision, the court stated that "when the defendant establishes a defense, which in the court's opinion the defendant did in this case, then the burden shifts to the plaintiff to establish that he is a 'holder in due course' and has taken the instrument without knowledge of any defense." In neither decision did the district judge make findings of facts established by the evidence that gave rise to a defense to the checks. Thus, we are faced with a bare legal conclusion in the second opinion that Kehle presented sufficient evidence to establish a defense and a finding in the first opinion that the evidence did not preponderate on either side of the issue. It is impos-

1. Because the district judge was not more specific, it is not clear from the memorandum opinion that the court's statement refers to the affirmative defense rather than to the allegations of Kulczyk's complaint. However, because no issue regarding the authenticity or validity of the checks was raised, Kulczyk's case was complete when the checks were presented. On appeal, the parties regarded the court's statement as though it applied to the affirmative defense.

sible, on the record before us, to reconcile the conflict in the two opinions.

 Idaho Rule of Civil Procedure 52(a) obligates the trial court in all actions tried without a jury to find the facts specially and to state separately its conclusion of law thereon. This is the trial court's task even in the face of contested evidence. Kehle alleged as an affirmative defense "failure of consideration, payment, release and waiver based on the failure of the plaintiff to deliver to the defendant any gold or other consideration." Thus, specific findings of fact in regard to the defense alleged, assuming sufficient evidence is presented to support the findings, might be that Kehle did receive the gold or some other consideration in exchange for the checks, or that Kehle did not receive consideration for the checks.[2] If the evidence is so inconclusive that the judge cannot find the facts, he should identify particularly the dispositive issue and the party who had the burden of persuasion on that issue. Based on the findings gleaned from the evidence presented, the district court could then conclude as a matter of law whether Kehle had established an affirmative defense to the checks.

Failure of the trial court to make findings of fact and conclusions of law concerning the material issues arising from the pleadings, upon which proof is offered, ordinarily necessitates a reversal of the judgment and a remand for additional findings and conclusions. *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 646 P.2d 988 (1982). In this case, findings and conclusions concerning the affirmative defense issues were of critical importance. Because the findings and conclusions are inadequate, we vacate the judgment and remand for additional findings and conclusions.

Both parties seek an award of attorney fees pursuant to I.C. § 12–120(2). That section provides for an award of at-

torney fees to the prevailing party in a suit brought on a negotiable instrument. Because neither party has yet prevailed, we decline to make a fee award. When the prevailing party is ultimately determined, and assuming the other requirements of I.C. § 12–120 are satisfied, the district court should consider the fees incurred in bringing the appeal when making an award. *See Paloukos v. Intermountain Chev. Co.*, 99 Idaho 740, 588 P.2d 939 (1978).

The judgment is vacated and the cause is remanded for additional findings and conclusions. Costs to appellant, Lewis Kulczyk.

BURNETT and SWANSTROM, JJ. concur.

---

**2.** Most of the evidence regarding the affirmative defense presented at trial indicated Kehle's defense theory was that the delivery of payment to Kulczyk was subject to a condition precedent

that did not occur. We intimate no opinion as to the adequacy of the pleadings or the adequacy or admissibility of the evidence presented on that affirmative defense.