111 P.3d 162

**Gregory R. POSEY, Plaintiff–Appellant,**

v.

**FORD MOTOR CREDIT COMPANY, a Delaware corporation authorized to do business in Idaho, Defendant–Respondent.**

No. 30178.

Court of Appeals of Idaho.

March 31, 2005.

Angstman Law, Boise, for appellant. Thomas James Angstman argued.

Elam Burke, P.A., Boise, for respondent. Jeffrey A. Thomson argued.

LANSING, Judge.

Gregory R. Posey sued Ford Motor Credit Company (Ford) for breach of contract and violations of the Idaho Consumer Protection Act in connection with the lease of a truck. The district court granted summary judgment to Ford based, in part, on the common law parol evidence rule. Posey appeals. Because we conclude that the district court did not apply the governing statutory parol evidence rule, we vacate the summary judgment and remand for further proceedings.

## I.

## BACKGROUND

According to the allegations of Posey's verified complaint, in mid-January 2000, he signed a contract to lease a new Ford truck

from a dealership in Caldwell. The lease agreement called for 48 monthly payments of $635.43, with an option to purchase the truck for $9,514.00 at the end of the lease term. Posey alleges that about three days later a Ford representative informed Posey of errors in the agreement regarding the lease term and the identity of the lease holder. The Ford representative said that the lease term should have been 36 months instead of 48, and asked that Posey sign a new lease agreement reflecting the correct term of months. On January 24, Posey and the dealership, as lessor, executed a new lease agreement. The lease was a pre-printed form with blanks into which entries were typed. The blank at line 7(n) for "lease term in months" was not filled in, but at two other places on the form, the lease clearly called for 48 monthly payments of $612.72 per month. The lease also provided that Posey would have the option to purchase the vehicle for $10,873.60 at the end of the lease. The space on the form for identification of the lease "holder" was also left empty. Posey signed this lease, allegedly without noticing that it again provided for a 48-month term.

On January 31, 2000, a letter concerning the January 24, 2000 lease was sent to Posey from the Ford office in Murray, Utah. It stated in part:

> On reviewing the lease agreement, we noticed and corrected the following error(s).
>
> The holder on your lease agreement should show; FORD MOTOR CREDIT CO.
>
> Line n of your lease agreement should show a term of 36 months.
>
> No further action is required from you. Keep this notice as your record of the change(s) made.

Posey asserts that he relied upon alleged oral representations by the dealership representatives that the January 24 lease was for a 36-month term and asserts that this understanding was confirmed by the January 31 letter. Posey alleges that as a consequence of the oral representations and the letter, he understood that he would have the option to purchase the vehicle for $10,873.60 after making 36 monthly payments of $612.72. Posey made 36 monthly payments and then tried to exercise his option to purchase the truck for $10,873.60, but Ford refused.

Posey initiated this action, alleging breach of contract and violations of the Consumer Protection Act. Both parties moved for summary judgment. As the basis for its motion, Ford argued that the January 24 written lease was complete and unambiguous, that it set forth a 48-month lease and that the parol evidence rule therefore precluded Posey from presenting evidence of any inconsistent agreement. The parol evidence rule, Ford argued, precluded introduction of not only alleged oral representations made by dealership representatives before the January 24 lease was signed, but also Ford's own January 31 letter. Ford also argued that Posey could not claim that the letter modified the lease because any alleged modification was not supported by consideration.

In support of its motion and in opposition to Posey's, Ford submitted an affidavit of Frank Griffith, the Central Operations Manager for Ford at Ford's Colorado Springs Service Center. Posey moved to strike Griffith's affidavit, arguing that many statements in the affidavit were made without foundation showing personal knowledge, that attachments to the affidavit were hearsay, and that the affidavit was impermissibly conclusory. The affidavit averred, among other things, that Ford's letter of January 31 to Posey was in error in stating that the blank on "line n" should show a lease term of 36 months. The district court struck that statement from Griffith's affidavit but refused to strike the balance of the affidavit and attached documents.

The district court granted Ford's summary judgment motion, concluding that the January 24 lease unambiguously stated the lease term to be 48 months, that the January 31 letter did not alter or modify the terms of the lease, and that Posey was not entitled to recover under the Consumer Protection Act because he had suffered no ascertainable loss.

Posey appeals, arguing that: 1) the district court erred in granting summary judgment for Ford on the contract claim because Ford's subsequent letter clarifies and completes the January 24 written lease, resulting

in internal ambiguity as to whether the parties intended the lease term to be 36 or 48 months and, thus, a material issue of fact remains; 2) the district court's grant of summary judgment as to the Consumer Protection Act claim was improper because it was based upon an erroneous determination that Posey has suffered no ascertainable loss and; 3) the district court should have stricken Griffith's affidavit in its entirety.

## II.

## ANALYSIS

### A. Breach of Contract Claim

#### 1. Parol evidence rule

■ Before both the district court and this Court on appeal, the parties have presented their arguments concerning the parol evidence rule based solely upon the common law. That common law rule has been stated thusly: "If a written contract is complete upon its face and unambiguous, no fraud or mistake being alleged, extrinsic evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to, or detract from the terms of the contract." *Howard v. Perry*, 141 Idaho 139, 106 P.3d 465, 467 (2005). *See also Valley Bank v. Christensen*, 119 Idaho 496, 498, 808 P.2d 415, 417 (1991). Our Supreme Court recently reiterated in *Howard* that under the common law rule, the presence of a merger clause in a written contract conclusively establishes that the agreement is integrated and therefore subject to the parol evidence rule. In the present case, although the district court did not expressly reference the parol evidence rule in its written decision, it is apparent that the court applied the common law rule in granting summary judgment to Ford after concluding that the January 24 lease agreement "is unambiguous as a matter of law."

The analysis of the parties and the district court was flawed, however, because the common law rule is not applicable here. Rather, the lease transaction was subject to Chapter 12 of the Uniform Commercial Code (UCC), I.C. § 28–12–101, *et seq.*, which governs leases and includes a specific parol evidence provision. The controlling statute, I.C. § 28–12–202, states:

> Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:
>
> (a) By course of dealing or usage of trade or by course of performance; and
>
> (b) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.

This UCC parol evidence provision was intended to liberalize the common law rule and to abolish any presumption that a writing is a total integration. *Anderson & Nafziger v. G.T. Newcomb, Inc.*, 100 Idaho 175, 180, 595 P.2d 709, 714 (1979).[1]

■ Where a written lease exists, it is apparent from the language of section 28–12–202 that the initial inquiry is not whether the writing is "complete upon its face and unambiguous" as under the common law.[2] Instead, the initial question is the intent of the parties—whether the writing was intended by the parties to be a "final expression of their agreement with respect to such terms as are included therein" and whether the writing was intended to be a "complete and exclusive statement of [all] the terms of the agreement." *See Anderson*, 100 Idaho at

---

**1.** In *Anderson*, the Idaho Supreme Court was referring to the parol evidence rule found in Chapter 2 of the UCC on sales, I.C. § 28–2–202, rather than § 28–12–202 governing leases. However, the language of the two statutes is identical, and we therefore view decisions interpreting and applying I.C. § 28–2–202 to be equally applicable to I.C. § 28–12–202.

**2.** The official comment to section 2–202 of the UCC (I.C. § 28–2–202) states that the statute "definitely rejects" any requirement that, as a condition precedent to the admissibility of parol evidence, the court must determine that the language of the written agreement is ambiguous.

180, 595 P.2d at 714; and *Hoff Co., Inc. v. Danner,* 121 Idaho 39, 43, 822 P.2d 558, 562 (Ct.App.1991). In addressing the identical parol evidence statute governing sales, I.C. § 28-2-202, in *Hoff,* we observed:

> [A] writing may inaccurately state the intentions of the parties, and its language will not create an agreement that previously did not exist. Moreover, the trial court's task is to give effect to agreements in accordance with the parties' intentions, even when the forms employed suggest otherwise. Whether the parties intended the writing as the final expression of their agreement, and whether the additional terms sought to be proved are contradictory, are questions for the court.

*Hoff,* 121 Idaho at 43-44, 822 P.2d at 562-63 (citations omitted).

■ In making the required factual findings under section 28-12-202, a trial court should go beyond the "four corners" of the written agreement and consider not only the language of the agreement but all extrinsic evidence relevant to the parties' intent. *Anderson,* 100 Idaho at 180, 595 P.2d at 714. The *Anderson* Court noted that the application of the statutory standards does not deprive a merger or integration clause of all effect but does limit the conclusiveness of such language. *Id.* "The terms of the writing still have superior probative value but are tempered by the trial court's ability to consider extrinsic evidence of the parties' intentions." *Id.*

This process, in which factual findings are made by a judge to determine whether certain evidence will be excluded from a jury's consideration, is a marked exception to the general rule that issues of fact are left for determination by the jury and that factual issues may not be resolved on summary judgment. *See* I.R.C.P. 56(c); *McCoy v. Lyons,* 120 Idaho 765, 769, 820 P.2d 360, 364 (1991); *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 808 P.2d 851 (1991); *Olsen v. J.A. Freeman Co.,* 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990). As explained by a leading treatise:

> [T]he division of functions between judge and jury in administering the rule can "give preference" to written evidence over

oral evidence of contract terms. So, too, can allocations of burden of proof. Section 2-202 does not state very clearly what the division of functions is supposed to be. But the way the rule is worded, the trial is certainly not to be a free-wheeling affair in which the parties may introduce before the jury all evidence of terms, including the writing, with the jury then to decide on terms. Rather, it is plain from the rule and from prior history of similar rules that some of the evidence is to be heard initially only by the judge and that the judge may invoke the rule to keep this evidence from the jury. The evidence that is in this way subject to exclusion will usually be oral evidence. Indeed, before a judge can invoke a parol evidence rule at all, the judge must first admit a writing into evidence before the jury. If the judge thereafter excludes oral evidence of terms on the basis of the parol evidence rule, the judge gives preference to the writing already in evidence by prohibiting the jury from considering the oral evidence.

But when can the judge invoke 2-202 to exclude oral evidence of terms? First, the judge may exclude the evidence on finding that the parties intended the writing to be a *complete and exclusive* statement of the terms of the agreement (unless it be evidence of course of dealing, usage of trade, or course of performance introduced only to explain or supplement the writing). Code and comments both state that the question of completeness and exclusivity is for the judge. Second, the judge may exclude evidence extrinsic to terms set forth in the writing if he or she decides that the writing is a final written expression as to these terms and that the other evidence contradicts these terms. The Code does not say that this question is for the judge, but if "completeness and exclusivity" is for the judge, then whether a writing is a final written expression to the terms it does include would be for the judge, for the greater ordinarily includes the lesser. The issue of contradictoriness is also generally for the judge. Third, in passing on any parol evidence rule objection, the judge may decide that the prof-

fered evidence of terms extrinsic to the writing is not credible, and he or she may exclude it on that ground alone. JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE, § 2–9, at 86–87 (4th ed.1995).

The factual findings required of the court by I.C. § 28–12–202 were not made by the district court in the present case because only the common law parol evidence rule was argued by the parties and considered by the court. Making such findings is the province of the district court and is not a matter for initial determination by this Court on appeal. *See Anderson,* 100 Idaho at 179–80, 595 P.2d at 713–14 (where the trial court had made no findings, as required under I.C. § 28–2–202, regarding whether an order form was intended as a fully integrated agreement, the case was remanded to the trial court for that determination). It follows that remand for appropriate findings is necessary here.

■■■ For guidance on remand we briefly address an additional point concerning the parol evidence rule. Posey has argued for application of the common law exception to the parol evidence rule that allows the use of extrinsic evidence when a party alleges that, by reason of mistake, the written instrument does not memorialize the true agreement of the parties. *See Belk v. Martin,* 136 Idaho 652, 657–58, 39 P.3d 592, 597–98 (2001) and *Bailey v. Ewing,* 105 Idaho 636, 640–41, 671 P.2d 1099, 1103–04 (Ct.App.1983). Idaho Code § 28–1–103 specifies that "unless displaced by the particular provisions of [the UCC], the principles of law and equity, including ... mistake ... [shall] supplement its provisions." *See also* WHITE & SUMMERS, § 2–11 at 103. The common law mistake doctrine is not inconsistent with I.C. § 28–12–202 and therefore may be applied to transactions that are governed by the statute. The mistake exception makes extrinsic evidence admissible to show that by reason of either mutual mistake or one party's unilateral mistake which is known to the other party, the written agreement does not express the parties' true intent. *Belk,* 136 Idaho at 657–58, 39 P.3d at 597–98. A mistake is an unintentional act or omission arising from ignorance, surprise, or misplaced confidence. *Bailey,* 105 Idaho at 639–41, 671 P.2d at 1102–04. Posey's assertion of the mistake exception, if reiterated on remand, must be addressed by the district court.

**2. Modification**

■■■ In addition to arguing that the January 31 letter from Ford to Posey is inadmissible under the parol evidence rule, Ford asserts that, in relying upon the letter, Posey seeks to enforce a modification of the lease without consideration. Ford relies upon the common law rule that the modification of the contract must be supported by valid consideration. *See, e.g., Brand S Corp. v. King,* 102 Idaho 731, 733, 639 P.2d 429, 431 (1981). This argument is without merit for two reasons. First, Posey is not contending that there was a subsequent agreement to modify the January 24 lease but, rather, that the parties' intent was always to have a 36–month term, as expressed in the January 31 letter. Second, the common law rule requiring consideration for contract modification, like the common law parol evidence rule, has been superseded by the UCC. The statute that governs in this case, I.C. § 28–12–208(1), provides that "[a]n agreement modifying a lease contract needs no consideration to be binding."

**C. Ascertainable Loss under the Idaho Consumer Protection Act**

The district court also granted summary judgment on Posey's Consumer Protection Act claim. Referring to I.C. § 48–608(1), which authorizes the recovery of damages by anyone who "suffers any ascertainable loss of money or property" as a result of a violation of the Act, the district court held that "Posey suffered no ascertainable loss under the lease, and therefore is not entitled to recover under the Idaho Consumer Protection Act." It appears that the district court reasoned that, with the court having held that the lease term was 48 months, Posey suffered no ascertainable loss because he had paid nothing more than his obligation under the lease. *See Yellowpine Water User's Ass'n v. Imel,* 105 Idaho 349, 352, 670 P.2d 54, 57 (1983) ("When a consumer merely pays an existing legal obligation, he does not suffer [an ascer-

tainable loss] although there may be involved deceptive acts or practices.") Because this Court is vacating the summary judgment on the breach of lease claim, the derivative grant of summary judgment to Ford on the Consumer Protection Act claim must be vacated as well.

### D. Posey's Motion to Strike the Griffith Affidavit

■ Because the district court likely will be called upon to again address Ford's summary judgment motion on remand, we must also address Posey's contention that the district court should have stricken virtually all of the affidavit of Ford employee Frank Griffith. Posey argues that nearly the entire affidavit is inadmissible because it does not show that the matters averred to are based on personal knowledge, contains conclusory assertions, contains inadmissible hearsay and provides no foundation for introduction of attached exhibits. Posey's position is well taken.

■ Affidavits supporting or opposing a summary judgment motion must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated. Idaho Rule of Civil Procedure 56(e). These requirements "are not satisfied by an affidavit that is conclusory, based on hearsay, and not supported by personal knowledge." *State v. Shama Res. Ltd. P'ship*, 127 Idaho 267, 271, 899 P.2d 977, 981 (1995). *See also Sprinkler Irrigation Co., Inc. v. John Deere Ins. Co., Inc.*, 139 Idaho 691, 696–97, 85 P.3d 667, 672–73 (2004), and *Oats v. Nissan Motor Corp. in U.S.A.*, 126 Idaho 162, 166, 879 P.2d 1095, 1099 (1994).

In his affidavit, Griffith identifies himself as the Center Operations Manager for Ford Motor Credit Company at Colorado Springs Service Center. He states the affidavit is based upon his own personal knowledge, but this statement is wholly conclusory in the absence of any foundation showing actual participation in the transaction at issue or actual personal knowledge of the facts to which the affidavit attests. The lease transaction occurred in Caldwell, Idaho, while

Griffith works in Colorado. Griffith does not claim to have been a witness to any of the events in this case nor does he aver that he was a party to any conversation or correspondence with Posey at any time. Therefore, portions of the affidavit describing the content of an alleged Internet communication from Posey to Ford and an alleged June 4, 2002, letter from Ford to Posey are inadmissible for lack of evidence of personal knowledge.

■ Eight documents are attached to the affidavit. No foundation is provided concerning who prepared the documents, several of which, on their face, indicate that they were not prepared by Ford but by the Caldwell dealership. The affidavit purports to identify the documents without demonstration of the requisite personal knowledge for authentication of the documents pursuant to I.R.E. 901 and includes arguments as to the documents' legal effect, none of which is admissible. *Sprinkler Irrigation Co., Inc.*, 139 Idaho at 697, 85 P.3d at 673. To the extent that the documents are offered to show the truth of assertions contained within them, the documents are hearsay for which no hearsay rule exception has been established by the Griffith affidavit. In *State v. Hill*, 140 Idaho 625, 97 P.3d 1014 (Ct.App.2004), we described the foundational requirements for application of I.R.E. 803(6), the exception to the hearsay rule for business records:

Rule 803(6), the business record exception to the hearsay rule, allows admission of a record or report if it was made and kept in the course of a regularly conducted business activity and if it was the regular practice of that business to make the report or record. *See Henderson v. Smith*, 128 Idaho 444, 450, 915 P.2d 6, 12 (1996); *In the Interest of S.W.*, 127 Idaho 513, 520, 903 P.2d 102, 109 (Ct.App.1995). These foundational requirements must be shown through "the testimony of the custodian or other qualified witness." I.R.E. 803(6). That is, the record must be authenticated by someone "who has custody of the record as a regular part of his or her work or who has supervision of its creation." *Henderson*, 128 Idaho at 450, 915 P.2d at 12. A document is not admissible under

I.R.E. 803(6) unless the person testifying has a personal knowledge of the record-keeping system used by the business which *created* the document. *Id.; Herrick v. Leuzinger,* 127 Idaho 293, 297, 900 P.2d 201, 205 (Ct.App.1995).

*Hill,* 140 Idaho at 628, 97 P.3d at 1017. The mere receipt and retention by a business entity of a document that was created elsewhere does not transform the document into a business record of the receiving entity for purposes of I.R.E. 803(6). *Id.; In the Interest of S.W.,* 127 Idaho 513, 520, 903 P.2d 102, 109 (Ct.App.1995). Griffith's affidavit does not comply with the requirements of Rule 803(6) with respect to any of the records attached to his affidavit.

For the foregoing reasons, the content of paragraphs 4–7, 9 and 11–16 of the Griffith affidavit are inadmissible, as are the attached documents, except the January 24 lease and the January 31 letter to Posey, both of which have been authenticated by Posey as attachments to his own affidavit. While many or all of the exhibits may be rendered admissible on remand by presentation of an adequate foundation, that foundation has not been shown through the Griffith affidavit.

## III.

## CONCLUSION

For the reasons explained above, the summary judgment dismissing Posey's claims for breach of lease and for violation of the Consumer Protection Act is vacated and the case is remanded for further proceedings consistent with this opinion. Costs to appellant.

Chief Judge PERRY and Judge GUTIERREZ concur.