**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 32523**

| | | |
|---|---|---|
| WESTERN CORPORATION, an Idaho corporation, | ) ) ) | **2006 Opinion No. 82** |
| Plaintiff-Respondent, | ) ) | **Filed: December 13, 2006** |
| v. | ) ) | **Stephen W. Kenyon, Clerk** |
| STAN L. VANEK, | ) ) ) | |
| Defendant-Appellant. | ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment for plaintiff, <u>affirmed</u>.

Vernon K. Smith, Jr., Boise, for appellant.

Eismann Law Office, Nampa, for respondent.

_____

LANSING, Judge

This is an action brought by Western Corporation to revive a judgment that it had obtained against Stan L. Vanek in January 1997. Vanek filed a motion to dismiss on the ground that this action was not brought within the limitation period. The district court denied the motion, and Vanek appeals. The issue presented is the effect of a provision in the 1997 judgment stating that the judgment was entered "nunc pro tunc" to a date ten days preceding the filing of the judgment.

**I.**

**BACKGROUND**

In 1997, Western Corporation and Vanek entered into a "Stipulation and Judgment" in favor of Western, settling a 1995 lawsuit. The judgment was signed by the district court on January 24, 1997, and was file-stamped January 27, 1997. However, the stipulated judgment, drafted by counsel for Western, included a proviso on the third page stating that "this judgment

1

is entered nunc pro tunc (now for then), to take effect on the date of January 17, 1997." We infer that this was done because prejudgment interest on the principal had been calculated to that date.

On January 24, 2003, Western filed an independent action on the judgment, alleging that it had not been fully paid. Vanek filed a motion to dismiss, asserting that the nunc pro tunc date in the original judgment was controlling for purposes of determining accrual of the cause of action for revival, and consequently the current action was barred by the six-year statute of limitation for actions on judgments, Idaho Code § 5-215(1). The district court denied the motion, holding that the date of the filing stamp on the judgment was the accrual date. The district court later entered judgment in favor of Western on the merits. Vanek appeals, challenging only the district court's holding that the statute of limitation for this action had not expired before the action was filed.

## II.

## ANALYSIS

When, as here, there are no factual disputes, the question of when a cause of action accrues is one of law for determination by the court and is subject to free review on appeal. *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 140 Idaho 144, 148, 90 P.3d 894, 898 (2004).

Subject to exceptions not applicable here, the statute of limitation for an action on a judgment is six years. I.C. § 5-215(1). The limitation period begins to run when the cause of action has accrued. I.C. § 5-201(1). A cause of action to revive a judgment ordinarily accrues upon the entry of the judgment. *Bashor v. Beloit*, 20 Idaho 592, 599, 119 P. 55, 56 (1911) (addressing former Sec. 4051, identical to current I.C. § 5-215(1)). The sole question presented by this appeal is whether the accrual date is affected by a provision purporting to enter the judgment nunc pro tunc. If, as Vanek contends, the cause of action accrued as of the effective date recited in the judgment, January 17, 1997, the present action to revive the judgment is time-barred.

We conclude, however, that the district court correctly identified the filing date, January 27, 1997, as the date of entry of the judgment and of accrual of the cause of action. We note first that Vanek's position that the nunc pro tunc date is controlling is contrary to the terms of I.R.C.P. 58(a), which provides: "The filing of a judgment by the court as provided in Rule 5(e) or the placing of the clerk's filing stamp on the judgment constitutes the entry of the judgment; and the judgment is not effective before such entry." This rule, we said in *Smethers v.*

2

*Wilson*, 106 Idaho 159, 161, 676 P.2d 734, 736 (Ct. App. 1984), "is the *only* provision of the law which defines entry of judgment." The *Smethers* opinion went on to hold that the entry of the judgment, accomplished by placement of the clerk's filing stamp on it, initiated the time period for filing an appeal. *Id.* at 161-62, 676 P.2d at 736-37.

Second, under Idaho law, a cause of action generally accrues, and the statute of limitation begins to run, when a party may maintain a lawsuit against another. *Galbraith v. Vangas, Inc.*, 103 Idaho 912, 915, 655 P.2d 119, 122 (Ct. App. 1982). *See also Spence v. Howell*, 126 Idaho 763, 770, 890 P.2d 714, 721 (1995) (The cause of action accrued upon the breach of the contract.); *Corbridge v. Clark Equip. Co.*, 112 Idaho 85, 88, 730 P.2d 1005, 1008 (1986) (Cause of action does not accrue until aggrieved party suffers damages.); *Stephens v. Stearns*, 106 Idaho 249, 254, 678 P.2d 41, 46 (1984) (A negligence cause of action accrued when the plaintiff sustained injuries.) Vanek's position, if embraced by this Court, would mean the statute of limitation began running before the judgment existed and, hence, before Western Corporation possessed the cause of action that it now pursues.

Lastly, there is no evidence that Vanek or any third person would be prejudiced by disregarding the nunc pro tunc provision for statute of limitation purposes, nor is there any basis for applying an estoppel.

Western Corporation's cause of action on its judgment accrued on January 27, 1997, when the judgment was file stamped by the court clerk. Therefore the present action, filed on January 24, 2003, was not time-barred, and the district court correctly denied Vanek's motion for dismissal.

Western requests an award of attorney fees on appeal pursuant to I.C. § 12-121 on the ground that Vanek's pursuit of this appeal is frivolous and without foundation. We decline that request. Vanek advanced an argument previously unaddressed under Idaho law and made a good faith argument in support. While he did not prevail, his appeal cannot be characterized as frivolous.

The judgment of the district court is affirmed. Costs, but not attorney fees, to respondent.

Chief Judge PERRY and Judge Pro Tem WALTERS **CONCUR.**

3