**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37494**

| | |
|---|---|
| **ROBERT J. McCORMACK,** ) | |
| ) | **2011 Opinion No. 39** |
| **Plaintiff-Appellant,** ) | |
| ) | **Filed: July 1, 2011** |
| **v.** ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| **CHRISTOPHER E. CALDWELL and** ) | |
| **WHITEHEAD, AMBERSON &** ) | |
| **CALDWELL, PLLC,** ) | |
| ) | |
| **Defendants-Respondents.** ) | |
| ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Carl B. Kerrick, District Judge.

Summary judgment for defendants, <u>affirmed</u>.

Robert J. McCormack, Boise, pro se appellant.

Whitehead, Amberson & Caldwell, P.L.L.C.; Richard G. Whitehead, Coeur d'Alene, for respondents.

_____

LANSING, Judge

Robert J. McCormack appeals from the district court's summary judgment in favor of defendants, Christopher E. Caldwell and the law firm of Whitehead, Amberson & Caldwell, P.L.L.C.  The court dismissed McCormack's claims upon concluding that they are barred by the statute of limitation.  We affirm.

**I.**

**BACKGROUND**

This action arises from the defendants' legal representation of McCormack on a worker's compensation claim.  McCormack was injured at work in April of 2001 and began receiving monthly total temporary disability (TTD) benefits from his employer's worker's compensation insurer.  McCormack contends that after he received the August 22, 2001, payment, he was informed by the insurance company that his benefits would be discontinued.  Believing that he

1

had a claim against the insurance company, McCormack engaged Caldwell, a member of the law firm of Whitehead, Amberson & Caldwell, P.L.L.C. to represent him. McCormack's TTD benefits checks resumed during the period from September 2001 through February 2002 (apparently as a result of Caldwell's efforts). However, at the defendants' direction, they were sent by the insurance company to the law firm instead of directly to McCormack. McCormack alleges that he was unaware that these benefits had been reinstated and were being sent to the law firm. Stamps and writing on the checks indicate they were endorsed with McCormack's name and cashed at MoneyTree, a check-cashing business. McCormack contends, however, that the defendants, or someone in the defendants' employment, must have forged his signature and cashed the checks and that he never received them.

McCormack's worker's compensation case ultimately went to hearing before the Idaho Industrial Commission. Caldwell retained multiple expert witnesses, including a vocational rehabilitation counselor, to testify in McCormack's case at the hearing. In July 2006, the Industrial Commission entered an order awarding benefits to McCormack--TTD benefits through May 30, 2002, and permanent partial disability benefits. Caldwell forwarded a copy of the order to McCormack along with a letter dated August 2, 2006, which estimated the total dollar value of the award as well as the amount of attorney fees McCormack owed Caldwell. Because McCormack would not allow Caldwell to deduct attorney fees from McCormack's award, Caldwell petitioned the Industrial Commission for an order allowing attorney fees. This issue was eventually resolved in February of 2007. It appears that McCormack did not receive payment of the award from this process until March of 2008.

On June 8, 2009, McCormack filed the complaint in this case in which he alleged that the defendants "mishandled" the TTD checks sent to them from September 2001 through February 2002. McCormack argued that this conduct violated various Idaho Rules of Professional Conduct, specifically those involving fraud, misrepresentation, and failure to promptly notify a client of, and deliver, funds received on the client's behalf. Other than citing Idaho Rules of Professional Conduct, McCormack's complaint did not characterize this claim as professional malpractice or fraud. It simply alleged that the insurance company, unbeknownst to him, had issued checks that were sent to the law firm, that he never received those checks, that the checks were cashed by someone at the law firm, and that he suffered harm as a result of these facts. McCormack also alleged that Caldwell was liable to him for deficiencies in his employment of

2

the vocational rehabilitation counselor who testified at McCormack's worker's compensation hearing. The complaint alleged that Caldwell failed to retain the counselor in a timely manner with the consequence that the counselor did not have enough time to prepare for the hearing and for that reason, the counselor's opinion was not given sufficient weight by the Industrial Commission. McCormack's complaint also asserted that the statute of limitation for his claims was two years and alleged that he had not discovered his injuries or the alleged misconduct until March of 2008, presumably the date upon which he received his final payment of the award from the Industrial Commission.

The defendants moved to dismiss McCormack's complaint as time-barred, characterizing McCormack's claims as allegations of professional malpractice subject to the two-year statute of limitation of Idaho Code § 5-219(4). McCormack did not dispute that this was the correct statute of limitation, but argued for application of the I.C. § 5-219(4) provision that in the event that the wrongdoer fraudulently concealed the damage from the injured party, a claim will be deemed to accrue when the injured party knows or has been put on inquiry notice of the basis for the claim complained of.

The district court granted the defendants' summary judgment motion. The court applied I.C. § 5-219(4) and held that McCormack should have been aware of the defendants' alleged misconduct no later than the date of the Industrial Commission's decision in late July 2006. The court therefore determined that the statute of limitation expired in July 2008, nearly a year before McCormack filed his complaint.

On appeal, McCormack does not challenge the dismissal of his cause of action for Caldwell's alleged malpractice in failing to retain the vocational rehabilitation counselor within a sufficient time for the counselor to prepare for the Industrial Commission hearing. He claims error only in the dismissal of his cause of action for the defendants' alleged "mishandling" of the TTD checks.

## II.

## DISCUSSION

### A. Standard of Review

Summary judgment may be entered only if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Idaho Rule of Civil

3

Procedure 56(c).  *See also Avila v. Wahlquist*, 126 Idaho 745, 747, 890 P.2d 331, 333 (1995); *Idaho Bldg. Contractors Ass'n v. City of Coeur d'Alene*, 126 Idaho 740, 742, 890 P.2d 326, 328 (1995).  On review, this Court liberally construes the evidence in favor of the party opposing the motion and draws all reasonable inferences and conclusions in that party's favor.  *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994).  If reasonable persons could reach different findings or draw conflicting inferences from the evidence, the motion should be denied.  *Id.*  However, if the evidence reveals no disputed issues of material fact, only a question of law remains over which this Court exercises free review.  *Roell v. Boise City*, 130 Idaho 199, 200-01, 938 P.2d 1237, 1238-39 (1997).

## B.    Procedural and Evidentiary Issues

McCormack first argues that the defendants incorrectly cited Idaho Rule of Civil Procedure 12(b)(6) for its dismissal motion because the motion was not made on a "failure to state a claim" basis but on a "statute of limitation" basis.  This contention is of no consequence.  Although labeled as a Rule 12(b)(6) motion, the defendants' dismissal motion was properly treated by the trial court as one for summary judgment because matters outside the pleadings were considered.  *See Gibson v. Bennett*, 141 Idaho 270, 273, 108 P.3d 417, 420 (Ct. App. 2005); *Lake v. Newcomb*, 140 Idaho 190, 192, 90 P.3d 1272, 1274 (Ct. App. 2004).

McCormack also takes issue with the district court's reliance on a particular affidavit to support the summary judgment decision because the affidavit was "hearsay" and not subject to cross-examination by McCormack.  With the motion treated as one for summary judgment governed by I.R.C.P. 56, the district court properly considered the defendants' supporting affidavits.  Contrary to McCormack's arguments, the affidavits were not inadmissible as hearsay, for I.R.C.P. 56(c) expressly authorizes the use of affidavits to support or oppose summary judgment motions.  *See*, *e.g.*, *Gray v. Tri-Way Constr. Servs., Inc.*, 147 Idaho 378, 383, 210 P.3d 63, 68 (2009).

## C.    Statute of Limitation for McCormack's Cause of Action Alleging "Mishandled" Checks

The premise of the defendants' summary judgment motion was that McCormack's claims were barred by the two-year limitation period proscribed by I.C. § 5-219(4) for professional malpractice actions.  In the proceedings below, McCormack did not urge application of any other statute of limitation.  On appeal, however, McCormack argues for application of the three-year statute of limitation for fraud actions, I.C. § 5-218(4), and the defendants continue to advocate

application of I.C. § 5-219. We conclude that neither party is correct, and neither party cited to the district court nor to this Court the correct statute of limitation for McCormack's claim that his checks were stolen, which is in substance a conversion claim. When a trial court makes a correct disposition of a claim, but on an erroneous theory, a reviewing court will affirm on the correct theory. *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 382, 234 P.3d 699, 706 (2010); *cf. Posey v. Ford Motor Credit Co.*, 141 Idaho 477, 480, 111 P.3d 162, 165 (Ct. App. 2005) (holding that even though both parties argued common law contract principles below and on appeal, and neither party mentioned the Uniform Commercial Code (UCC) provisions, on appeal the Court would apply the correct governing law, the provisions of the UCC).

The appropriate statute of limitation is determined by the substance of the claim, not the form of the action, and "[t]he first analytical step is to classify [the] cause of action so the applicable statute of limitations can be used to determine whether the claim is time barred." *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 140 Idaho 144, 148, 90 P.3d 894, 898 (2004). Thus, in *Common Sch. Dist. No. 18 v. Twin Falls Bank & Trust Co.*, 52 Idaho 200, 202, 12 P.2d 774, 775 (1932), the Court held that because the substance of petitioner's claim was for the tort of conversion, the applicable statute of limitation would be that governing conversion actions even though the plaintiff classified its claim as a contract claim. How a plaintiff characterizes a claim, the Court said, "is immaterial so far as an application of the appropriate statute of limitations is concerned, since the substance of the action governs the latter consideration and not the form." The Court further said whether the complaint sounded in tort or in contract, it was subject to the three-year statute of limitation, now codified as I.C. § 5-218(3), for "an action for taking, detaining or injuring any goods or chattels . . . ." *Common Sch. Dist. No. 18*, 52 Idaho at 202-03, 12 P.2d at 775-76.

In this case, the substance of McCormack's claim is that his worker's compensation benefit checks were stolen and forged. This is a conversion claim. Therefore, the applicable statute of limitation is I.C. § 28-3-118(7), which establishes the limitation period for actions for conversion of instruments.[1] It states that "an action . . . for conversion of an instrument, for

---

[1] A check is a type of "instrument." I.C. § 28-3-104(1), (2), (6). *See also Idah-Best, Inc. v. First Sec. Bank of Idaho, N.A., Hailey Branch*, 99 Idaho 517, 522, 584 P.2d 1242, 1247 (1978); *Kulczyk v. Kehle*, 108 Idaho 640, 641-42, 701 P.2d 260, 261-62 (Ct. App. 1985).

money had and received, or like action based on conversion . . . must be commenced within three (3) years after the cause of action accrues."[2] Although this statute does not define when a cause of action for conversion of a negotiable instrument accrues, a cause of action generally accrues "when a party may maintain a lawsuit against another." *Western Corp. v. Vanek*, 144 Idaho 150, 151, 158 P.3d 313, 314 (Ct. App. 2006). In a conversion action this ordinarily means when the item is wrongfully taken. *Freiberger v. American Triticale, Inc.*, 120 Idaho 239, 241, 815 P.2d 437, 439 (1991); *Havird v. Lung*, 19 Idaho 790, 794, 115 P. 930, 931 (1911). Consequently, McCormack's cause of action for conversion of each check accrued when it was stolen and forged. As the last such check was cashed at MoneyTree on or about February 22, 2002, the statute of limitation for McCormack's conversion claim for the last check expired in February 2005, more than four years before he filed this action.

McCormack argues that the applicable statute of limitation should not be deemed to run until he could have discovered the theft, which he argues was sometime in 2008. However, McCormack does not point us to, and we have not found, any Idaho authority allowing discovery exceptions for the running of a statute of limitation other than those authorized by I.C. §§ 5-218(4) and 5-219(4), which are inapplicable here. In deference to the authority of the Idaho Legislature to graft discovery exceptions onto statutes of limitation when it elects to do so, the Idaho Supreme Court has declined to recognize additional discovery exceptions. *Knudsen v. Agee*, 128 Idaho 776, 778-79, 918 P.2d 1221, 1223-24 (1996); *Theriault v. A.H. Robins Co., Inc.*, 108 Idaho 303, 308, 698 P.2d 365, 370 (1985).

Specifically with respect to conversion actions, the Idaho Supreme Court long ago held that there is no discovery exception. *Havird*, 19 Idaho at 794, 115 P. at 931. In *Havird*, the plaintiff believed for many years that his horse was simply lost when in fact a landowner who found the horse on his land kept, used, and then sold the horse. Although the plaintiff did not

---

[2] Idaho Code § 28-3-420(1) provides in part: "[a]n action for conversion of an instrument may not be brought by . . . (ii) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or co-payee." For purposes of this analysis we assume that the law firm received the checks as McCormack's agent and, therefore, delivery of the checks to the law firm constituted delivery to McCormack "through delivery to an agent" for purposes of I.C. § 28-3-420. Otherwise, McCormack may have had no cause of action for conversion of the checks at all, but would have retained his claim against the drawer of the checks, the worker's compensation insurer. *See* I.C. § 28-3-420 and Official Comment 1 thereto.

6

discover this until many years later, the Idaho Supreme Court said that such nondiscovery was immaterial to application of the statute of limitation. The Court held that the limitation period for the owner's conversion claim began to run when the horse was taken, "even though the thing taken is secreted or concealed so as to elude discovery." *Id.* Likewise, in *Common Sch. Dist. No. 18*, the Court held that there was no discovery exception to the statute of limitation for a conversion action brought against a bank for conversion of funds. The Court said, "The fact of discovery becomes controlling only when the action is based upon the ground of fraud or mistake, and does not have any application to a mere tortious taking which does not involve fraud in its commonly accepted significance." *Common Sch. Dist. No. 18*, 52 Idaho at 205, 12 P.2d at 776.

As in *Common Sch. Dist. No. 18*, "This is not an action for fraud[3] or mistake within the common acceptance of those terms. It is an action for misappropriation, whatever be its form . . . ." *Id.* at 206, 12 P.2d at 776-77. There being no discovery exception for conversion actions, McCormack's cause of action for the conversion of each check accrued when the conversion occurred. Therefore, the action is barred by the I.C. § 28-3-118(7) three-year limitation period for actions for conversion of instruments.[4]

## D.      Are the Respondents Entitled to Attorney Fees on Appeal?

Respondents request attorney fees on appeal pursuant to Idaho Code § 12-121 and Idaho Appellate Rule 41, asserting that McCormack's appeal is groundless and frivolous and caused the respondents to suffer unjustified financial burdens.

---

[3]      Under Idaho law, the elements of an action for fraud are: (1) a statement or representation of fact, (2) the statement or representation was false, (3) the statement or representation was material, (4) the speaker knew of its falsity, (5) the speaker intended that there be reliance on the statement or representation, (6) the plaintiff was ignorant of the statement's or representation's falsity, (7) the plaintiff relied on the statement or representation, (8) such reliance was justifiable, and (9) there was a resultant injury. *Taylor v. McNichols*, 149 Idaho 826, 845-46, 243 P.3d 642, 661-62 (2010); *Glaze v. Deffenbaugh*, 144 Idaho 829, 833, 172 P.3d 1104, 1108 (2007).

[4]      McCormack lists as additional "Issues Presented on Appeal" various statements such as "attorney estopped from asserting statute of limitation and failure to disclose" and "Idaho and U.S. constitutional right violated" which are not further developed or supported by argument or authority in McCormack's appellant's brief. These various assertions will not be further addressed as we do not consider claims on appeal unsupported by either argument or authority. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party, and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). We conclude that this standard is not satisfied here. Although we affirm the dismissal of McCormack's action, we have rejected the respondents' argument as to the applicable statute of limitation, and we cannot say that McCormack's arguments were frivolous. We therefore decline to award attorney fees.

### III.

### CONCLUSION

The district court's summary judgment dismissing this action is affirmed. Costs, but not attorney fees, to respondents.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**