707 P.2d 504

**Darlene Robert WILLIAMS, Personal Representative of the Estate of Dave Roberts, Deceased, Plaintiff-Appellant,**

v.

**Harold CHRISTIANSEN and Sandra Christiansen, husband and wife, Defendants-Respondents.**

No. 15295.

Court of Appeals of Idaho.

Oct. 2, 1985.

Dean Williams, Blackfoot, for plaintiff-appellant.

R. Vern Kidwell of Holden, Kidwell, Hahn & Crapo, Idaho Falls, for defendants-respondents.

SWANSTROM, Judge.

This case had its procedural beginnings in the small claims department of the district court. The defendant originally prevailed following trial but, by an unusual turn of events, the case was reopened and the plaintiff ended up with a judgment for $1,000 plus $27.75 costs. Dissatisfied with the amount of this judgment, and believing it to be void, the plaintiff then sued in the magistrate division of the district court to

recover a greater sum in damages. The magistrate entered summary judgment in favor of the defendants, resulting in an appeal first to the district court and then to this court. The issue in this appeal is whether the small claims judgment was a bar to the second suit for damages under the doctrine of res judicata. We affirm the district court order.

The appellant, Darlene Williams, is the daughter and personal representative of Dave Roberts, now deceased. Roberts, a retired farmer, pastured a small flock of sheep. Due to his advanced age, his children assisted him as needed. On at least three occasions during June, 1980, a total of forty-six sheep belonging to Roberts were killed by one or more dogs. In July Darlene Williams filed small claims actions on her father's behalf against three nearby dog owners, including the Christiansens. Each claim asked for the maximum award of $1,000 then available from the small claims department. One of these claims was withdrawn, and hearings were held on the other two claims. On December 3, 1980, the small claims court ruled against Roberts on both claims. However, shortly before the December hearing and without the court's knowledge, another attack occurred killing twenty-four more sheep. As a result of the information obtained about the last attack, the Christiansens determined that their dog had been responsible for all the killings. They sent a letter to the judge who had presided over the small claims hearings, admitting liability and requesting a new trial based upon the newly discovered evidence. The Christiansens asked that the decision be reversed "so that our insurance would cover the damage done." The judge set a hearing date to consider the request but, apparently, notice was not sent to the litigants. Neither party showed up at the scheduled time. The court *sua sponte* awarded Roberts $1,000 and $27.25 costs in what the court termed a "default" judgment.

Armed with the new knowledge that the Christiansens' dog was the sole "tortfeasor," Williams filed suit for Roberts in magistrate division of district court asking for damages of $7,550 less $1,800 paid by the Christiansens' insurance company for the November attack. The magistrate held that res judicata prevented Roberts from bringing the suit and granted summary judgment to the Christiansens. Roberts appealed. The district court affirmed. Roberts appealed again, to this court. When Roberts died Williams was appointed personal representative of the estate and she was substituted as appellant. She continues to assert that the "default" judgment entered in the small claims division, without plaintiff's presence, was void and that the subsequent suit is not precluded by res judicata.

Williams cites I.R.C.P. 81(a) to show the invalidity of the judgment entered in the small claims division. That rule states: "No judgment by default shall be entered for a plaintiff in a small claims hearing unless the plaintiff appears and establishes his claim by evidence satisfactory to the court." Hence, the argument goes, because plaintiff did not "appear" at the final hearing, the judgment is invalid and it cannot be res judicata to a subsequent suit. However, in this case, two prior hearings had been held. Plaintiff had appeared in the action. The judgment was not truly one issued "by default." The magistrate's action on the new information was proper pursuant to his authority under I.R.C.P. 81(i) which states:

The magistrate entering a judgment in a small claim may thereafter vacate, reconsider, or correct clerical errors in the judgment, at any time including during the pendency of an appeal, upon the grounds provided by Rules 60(a) and (b), I.R.C.P. or for other good cause shown; provided, such *action may be taken by the magistrate on the informal application of any party, or upon the magistrate's own initiative, and such application and decision shall be made in an informal manner without the necessity of a formal notice and hearing.* Any action taken by the magistrate under this rule shall be done by written

order of the magistrate and copies thereof served upon all parties in the same manner as a judgment on a small claim as provided above under Rule 81(h) and if an appeal is pending in the district court a copy thereof shall be mailed to the clerk of the district court in which the appeal is pending. [Emphasis added.]

■ This case is unusual in that the prevailing defendant in the small claims action was the party seeking to have the matter reconsidered. Rule 81(i), however, authorizes the small claims magistrate to reconsider the judgment upon the "informal application of *any* party" (emphasis added) or upon his own initiative. The magistrate is to conduct his reconsideration upon the grounds available under I.R.C.P. 60(a) and (b). Under rule 60(b)(2) a party—and in small claims any party—can request relief from a final judgment due to newly discovered evidence. The Christiansens' letter constituted an informal application under I.R.C.P. 81(i).

■ Williams asserts that the judgment for her father cannot stand because no notice of the reconsideration of the small claims action was ever provided to Mr. Roberts or to her. Notice of rule 81(i) action is required to be given, either by personal delivery or by mailing. Williams stated in her affidavit in opposition to summary judgment in the magistrate division that she never received any notice of reconsideration. The record does not disclose whether notice was ever mailed. This procedural oversight is not grounds for reversal unless it resulted in some prejudice to Mr. Roberts. I.R.C.P. 61. Williams asserts that Roberts was prejudiced because he had no right of appeal from the reconsidered judgment. Williams points to the provisions of I.R.C.P. 81(k) which state that "any party who defaults or does not appear at the small claim proceeding shall have no right to appeal the judgment in the small claim proceeding to the district court." This argument supposes that the right to appeal would have been denied to Roberts because he failed to appear at the hearing. We doubt that any court would have know-

ingly applied rule 81(k) to deny Roberts the right to appeal in the manner suggested. We are not persuaded by this argument. We merely note that Roberts made no attempt to appeal the small claims judgment, nor did he move to set it aside. Instead Roberts filed a new independent action in the magistrate division.

We also remain unpersuaded that entry of the reconsidered judgment prejudiced Roberts' rights to recover any of his losses. The reconsidered judgment was entered two months after the original small claims decision. An aggrieved party has thirty days from the filing of a small claims judgment to appeal to the district court. I.C. § 1–2311; *Smethers v. Wilson,* 106 Idaho 159, 676 P.2d 734 (Ct.App.1984). No action was taken by Roberts to vacate the original small claims judgment in favor of the defendants or to appeal from that judgment within thirty days. Therefore, Roberts had already lost his right to appeal from the initial small claims judgment when the presiding magistrate took up the Christiansens' letter request to reconsider. Nearly sixty days elapsed before the small claims magistrate issued the so-called "default" judgment in favor of Roberts. Again Roberts took no action to vacate this small claims judgment or to appeal from it. Therefore, even if this second judgment were non-appealable—as Roberts has contended—it had no effect on Roberts' right to appeal from the initial judgment. The initial judgment, if not the second one in small claims department, would have had the same preclusive, res judicata effect to the subsequent independent suit filed by Roberts in the magistrate division. The net effect of the reconsidered judgment was to award Roberts $1,027.25 that otherwise would have been precluded in the subsequent district court action.

■ Williams contends that when presented with the admission of liability for all of the sheep losses, the small claims magistrate should have dismissed the case without prejudice leaving the plaintiff free to pursue the claim in a forum with jurisdiction to award the full damages. The

grant or denial of relief under rule 60(b) is a discretionary decision for the court. *Lowe v. Lym*, 103 Idaho 259, 646 P.2d 1030 (Ct.App.1982). By reference to rule 60(b), application of rule 81(i) is also discretionary. While the magistrate sitting in the small claims department could have dismissed the case without prejudice; it was not an abuse of discretion to do otherwise. When he entered the judgment after reconsideration the magistrate was faced with a case where the plaintiff brought suit in the small claims department having damages well in excess of any possible recovery. The time for appeal of the adverse decision had passed, and the plaintiff had not sought relief either from the judgment, pursuant to rule 60(b), or from plaintiff's own choice of forum. By entering judgment for Roberts the magistrate equitably exercised his discretion and gave the plaintiff the maximum relief available in the chosen forum.

■ Williams contends that even if the small claims judgment is valid the doctrine of res judicata does not preclude the subsequent suit against the Christiansens. Res judicata is comprised of two components, claim preclusion and issue preclusion. In *Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct.App.1983), we addressed the doctrine.

> "[C]laim preclusion," or true *res judicata* ... treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." * * * When the plaintiff obtains a judgment in his favor, his claim "merges" in the judgment; he may seek no further relief on that claim in a separate action. Conversely, when a judgment is rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a "bar." * * * Under these rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial.

*Id.* at 256, 668 P.2d at 132, quoting *Kaspar Wire Works, Inc. v. Leco Engineering &* *Machine, Inc.*, 575 F.2d 530, 535–36 (5th Cir.1978).

In *Aldape* we traced the treatment of res judicata in Idaho and quoted the rule from *Joyce v. Murphy Land & Irrigation Co.*, 35 Idaho 549, 208 P. 241 (1922) which states:

> We think the correct rule to be that in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit.

*Adalpe v. Akins*, 105 Idaho at 257, 668 P.2d at 133. In *Aldape* we adopted the approach of the RESTATEMENT (SECOND) OF JUDGMENTS (1982) (herein cited as Second Restatement) recognizing the difference between claim preclusion and issue preclusion. In respect to claim preclusion there need not be absolute identity of claims in the two proceedings before res judicata precludes the second suit. The Second Restatement, at section 24 utilizes a transactional approach to claim preclusion:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

■ Here, Williams asserts that the small claims judgment awarded damages for only the first dog attack where eight

sheep were killed. At $125 apiece, the damages equal $1,000. Thus, the argument goes, there was no judgment regarding the other June killings. However, the district court, in affirming the summary judgment, considered the June killings as one entire transaction. This is consistent with the Second Restatement and our opinion in *Aldape*. Further, the original "affidavit of claim" which Williams filed for Roberts listed the claim as one for "large dog killing sheep which accrued on June 1980 ... [sic]." We find no error in treating the June killings as one claim under the transactional analysis of the Second Restatement.

■ Williams argues that res judicata cannot be a bar to the suit Roberts filed in the magistrate division because the parties in that suit were not the same as the parties in the earlier small claims proceedings. As noted earlier, Roberts initially filed separate small claims actions against three defendants. He withdrew one, leaving actions against two defendants, Harold Christiansen and Mark Goyen. Williams contends that these two actions were "consolidated." The thrust of this argument seems to be that because of this consolidation the identity of the defendants in the first action (Christiansen and Goyen) were not the same as the defendants in the later suit (the Christiansens only). This argument is not supported by the record. The cases were "consolidated for hearing" in the small claims department. Nowhere is it suggested that this consolidation was for reasons other than convenience. Both cases retained their case numbers and each was dismissed separately. We do not believe that hearing the two small claims at the same time affected the alignment of the parties in either of the small claims cases. Therefore we hold that as to the separate actions brought by Roberts against the Christiansens, the parties to both actions are identical for res judicata purposes.

■ Plaintiff next asserts that even if res judicata applies, it can only bar $1,000 of Roberts' total claim against the Chris-

tiansens since the small claims department did not have jurisdiction to award damages above that amount. Comment g to section 24 of the Second Restatement disposes of this argument.

> The rule stated in this Section as to splitting a claim is applicable although the first action is brought in a court which has no jurisdiction to give a judgment for more than a designated amount. When the plaintiff brings an action in such a court and recovers judgment for the maximum amount which the court can award, he is precluded from thereafter maintaining an action for the balance of his claim. ... It is assumed here that a court was available to the plaintiff in the same system of courts— say a court of general jurisdiction in the same state—where he could have sued for the entire amount.

The reporter's note to comment g of section 24 emphasizes the function of section 24 stating:

> *Comment g* is similar to former § 62, Comment *j*, but makes explicit that the rule that the judgment of a court of limited jurisdiction concludes the entire claim assumes that the plaintiff might have commenced his action in a court in the same system of courts that was competent to give full relief on the claim.

This case falls squarely into the rule stated by § 24 of the Second Restatement. The plaintiff having suffered $5,750 worth of damage to his sheep instituted three small claims actions that would at best net a $3,000 recovery. Plaintiff was informed prior to filing that there was a $1,000 ceiling upon recovery on small claims actions, yet still proceeded. The suit could have been instituted in the district court without the certainty of under compensation inherent in the small claims action. We hold that all of the June losses represent one claim that was merged into the small claims judgment. Because of our ruling, we need not address the collateral estoppel issues raised by Williams.

Accordingly, we affirm the order of the district court. Costs to respondents. No attorney fees on appeal.

HURLBUTT, J. Pro Tem., concurs.

BURNETT, Judge, specially concurring.

When reduced to its essence, today's decision stands for the unassailable proposition that a plaintiff who obtains a judgment in the small claims department cannot later seek a greater judgment in the district court upon the same claim. The doctrine of claim preclusion is controlling. However, in light of the unique circumstances presented in this case, a reader of our decision might wonder whether rigid application of the doctrine has produced an injustice. After all, the larger judgment sought here is for a liability admitted by the defendants upon information unavailable when the plaintiff initially chose the small claims forum. Why, then, should the plaintiff continue to suffer the consequences of that choice? I write separately to address this question.

In *Aldape v. Akins,* 105 Idaho 254, 257, 668 P.2d 130, 133 (Ct.App.1983), we noted that the doctrine of claim preclusion serves three fundamental purposes.

> First, it "[preserves] the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results." 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4403, at 12 (1981). Second, it serves the public interest in protecting the courts against the burdens of repetitious litigation; and third, it advances the private interest in repose from the harassment of repetitive claims. *Id.* at 13–16.

In this case, the defendants' private interest in repose arguably is diminished by their commendable act of admitting liability. However, the remaining purposes of claim preclusion—avoiding the anomaly of inconsistent results and avoiding the burdens of separate lawsuits on the same claim—are pertinent here. These purposes can be served only if a duly entered and unappealed judgment is accorded finality, subject to the carefully limited relief available under the Idaho Rules of Civil Procedure.

Rule 81(i), quoted in our lead opinion, provides the avenue for relief. A small claims judge may vacate a judgment "upon the grounds provided by Rules 60(a) and (b), I.R.C.P. or for other good cause shown...." The small claims judge in this case implicitly exercised his power under Rule 81(i) when he set aside the original judgment for the defendants and entered judgment for the plaintiff in an amount equal to the court's then-existing jurisdictional authority. The plaintiff, being dissatisfied with the amount of the second judgment, could have invoked the same rule to request that this judgment also be vacated so an amended claim, exceeding the jurisdiction of the small claims department, could be filed in the district court. But the plaintiff did not follow this course. Rather, the plaintiff, after allowing approximately eight months to elapse, simply filed a new complaint on the same underlying claim. That pleading, in form and in substance, sought no relief from the extant judgment. Indeed, it contained no mention of any prior adjudication.

Had the plaintiff sought and obtained relief from the second judgment, as authorized by Rule 81(i), there would have been no prior adjudication giving rise to the doctrine of claim preclusion. But by allowing that judgment to stand, and by suing for another, larger judgment, the plaintiff asked our judicial system to do precisely what the doctrine of claim preclusion forbids—enter successive, inconsistent judgments upon the same claim. Consequently, the magistrate division of the district court had no alternative but simply to dismiss the complaint.

I am authorized to say that Judge SWANSTROM and Judge HURLBUTT share the views expressed in this opinion.