57 P.3d 803

**Connie L. HINDMARSH, Plaintiff–Appellant,**

v.

**Martin L. MOCK, Defendant–Respondent.**

No. 27704.

Supreme Court of Idaho, Idaho Falls, September 2002 Term.

Oct. 24, 2002.

McBride & Roberts, Idaho Falls, for appellant. Michael R. McBride argued.

Thomsen & Stephens, P.A., Idaho Falls, for respondent. Alan C. Stephens argued.

TROUT, Chief Justice.

Martin L. Mock ("Mock") has filed a Petition for Review of the Court of Appeals' decision reversing the district court's grant of summary judgment in Mock's favor. Because no exception to *res judicata* for claims brought in small claims court is warranted, the district judge's grant of summary judgment is affirmed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 1998, Connie L. Hindmarsh ("Hindmarsh") sued Mock in the small claims department of the magistrate's division of the district court ("small claims court") for property damage resulting from an automobile collision between Hindmarsh and Mock in June. Following trial, $3,000 in damages was awarded to Hindmarsh. Neither party appealed the small claims judgment.

In December 1999, Hindmarsh sued Mock in district court for personal injuries sustained in the same automobile collision. Mock filed a motion for summary judgment, asserting that the *res judicata* effect of the small claims action barred further litigation arising out of the same event. Hindmarsh opposed Mock's motion for summary judgment, arguing that identity of issues is an essential element of *res judicata* and that the issue in the small claims case was property damage, not personal injuries. Hindmarsh also contended that the personal injury claim was not ripe until after her shoulder surgery in April 1999.

The district judge granted summary judgment in favor of Mock, concluding that although Hindmarsh had not put on evidence of personal injuries in her small claims case, such injuries could have been raised in that case. The district judge further ruled that giving *res judicata* effect to a small claims judgment was consistent with the public policy of finality in judicial dispute resolution. Finally, the district judge declined to grant Hindmarsh's motion for relief under Idaho Rule of Civil Procedure 60(b), explaining that Hindmarsh was required to file her motion in the small claims case and not in the district court action. Hindmarsh then appealed.

The Court of Appeals, on appeal, reversed the district court and created an exception to *res judicata* in small claims cases. The Court of Appeals concluded that the policy of finality advanced by *res judicata* should yield when its application would frustrate another social policy of providing an inexpensive forum for the speedy resolution of property damage claims. Mock filed a timely Petition for Review.

## II.

### STANDARD OF REVIEW

When considering a ruling on motion for summary judgment, this Court's standard of review is the same as that used by the trial court in ruling on the motion. *Barnes v. Barnes,* 135 Idaho 103, 105, 15 P.3d 816, 818 (2000). The Court must liberally construe the facts in favor of the nonmoving party and determine whether there is a genuine issue as to any material fact, and whether the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c).

■ For a case on review from the Court of Appeals, this Court reviews the trial court's decision directly, albeit serious consideration is given to the Court of Appeals' decision. *State v. Dana,* 137 Idaho 6, 8, 43 P.3d 765, 767 (2002). This Court does not merely review the correctness of the Court of Appeals' decision; rather, this Court reviews the matter as if the case were on direct appeal from the trial court's decision. *Id.*

## III.

## DISCUSSION

This is a case about two people, one automobile collision and two lawsuits. *Res judicata* prevents the same plaintiff from bringing multiple lawsuits against the same defendant for actions arising from the same event. There is no principled justification for ignoring *res judicata* simply because small claims court is involved.

### A. The Bar of *Res Judicata*

■ *Res judicata* is comprised of claim preclusion (true *res judicata*) and issue preclusion (collateral estoppel). Under principles of claim preclusion, a valid final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties upon the same claim. *Aldape v. Akins,* 105 Idaho 254, 256, 668 P.2d 130, 132 (Ct.App. 1983); *see Diamond v. Farmers Group, Inc.,* 119 Idaho 146, 150, 804 P.2d 319, 323 (1990) (citing from *Joyce v. Murphy Land Co.,* 35 Idaho 549, 208 P. 241 (1922)). The three fundamental purposes served by *res judicata* are:

First, it "[preserves] the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results." Second, it serves the public interest in protecting the courts against the burdens of repetitious litigation; and third, it advances the private interest in repose from the harassment of repetitive claims.

*Aldape,* 105 Idaho at 257, 668 P.2d at 133 (citation omitted).

■ The doctrine of claim preclusion bars not only subsequent relitigation of a claim previously asserted, but also subsequent re-litigation of any claims relating to the same cause of action which were actually made or which might have been made. *Wing v. Hulet,* 106 Idaho 912, 915–916, 684 P.2d 314, 317–318 (Ct.App.1984) ("[T]he rule against splitting a claim applies even though the remedies or forms of relief demanded in one suit are different from those demanded in another."); *see also U.S. Bank Nat'l Ass'n v. Kuenzli,* 134 Idaho 222, 226, 999 P.2d 877, 881 (2000) (noting Idaho has adopted the "transactional approach" to *res judicata*). Moreover, other courts have held that the doctrine applies even where the prior litigation was a small claims action. *Williams v. Christiansen,* 109 Idaho 393, 397–398, 707 P.2d 504, 508–509 (Ct.App.1985); *see also Landry v. Luscher,* 95 Wash.App. 779, 976 P.2d 1274, 1278–1279 (1999), *review denied,* 139 Wash.2d 1006, 989 P.2d 1140 (1999) (holding plaintiff who obtained judgment for damage to car barred by doctrine of claim preclusion from later maintaining action for personal injuries sustained in same accident). The present case presents a matter of first impression for this Court regarding the *res judicata* effect of a judgment in small claims court.

### B. *Res Judicata* in Small Claims Court

■ The law is settled on the applicability of *res judicata* to splitting claims. The more compelling question presented is whether Hindmarsh has the better view when it comes to small claims court: justice is best served by shielding small claims court judgments from the preclusive effect of *res judicata*. We must also decide if the present case falls within one of the unique situations where *res judicata* does not apply.

The Court of Appeals has already applied *res judicata* to small claims court judgments. *See Williams v. Christiansen,* 109 Idaho at 397–398, 707 P.2d at 508–509. The fact that Hindmarsh is seeking a different remedy and broaching new issues in the district court action does not matter—*res judicata* bars subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made. *See Wing v. Hulet,* 106 Idaho at 915–916, 684 P.2d at 317–318. Nevertheless, Hindmarsh

argues that plaintiffs who choose to avail themselves of the informal nature of small claims court should not be disadvantaged by formal procedural rules. By encouraging plaintiffs to pursue claims capable of resolution in small claims court, Hindmarsh reasons that courts of general jurisdiction will have a reduced caseload and only be required to deal with those cases that cannot be resolved in the limited jurisdiction of small claims court. Hindmarsh contends that if plaintiffs have their other remedies cut off because they first sought remedy in small claims court, such plaintiffs will be dissuaded from going to small claims court at the outset.

Contrary to Hindmarsh's assertions, judicial economy is not served by encouraging resolution of property claims in small claims court and other claims in district court. This creates two lawsuits, rather than one. Moreover, plaintiffs in small claims cases will not feel obliged to present all of their claims or all of their evidence, knowing there is no preclusive effect to the small claims decision and they can simply file again to present other claims if need be. This has the effect of undermining the existence of small claims court, as every case will ultimately be decided by a magistrate or district judge in a trial de novo.

There is no compelling reason for this Court to create an exception to *res judicata* for small claims court. No such exception exists for other courts of limited jurisdiction. *See, e.g., Chenoweth v. Sanger,* 123 Idaho 189, 191, 846 P.2d 191, 193 (1993) (applying *res judicata* to claims not raised in prior bankruptcy proceeding). Moreover, a plaintiff who voluntarily commences suit in small claims court cannot then complain of alleged procedural due process violations as a result of the truncated proceedings. *See Foster v. Walus,* 81 Idaho 452, 460, 347 P.2d 120, 125 (1959) (holding plaintiff who knowingly commenced action in small claims court cannot thereafter object to denial of counsel as violating procedural due process). The informal nature of small claims court should have no bearing on the post-judgment effects of suing in small claims court. *Res judicata* is dependent, not upon the form of the proceeding, but rather on whether the judgment is final, valid, and rendered by a court of competent jurisdiction. The plaintiff chose her venue, she should not only be able to take advantage of the benefits of that choice, but should also be bound by the consequences.

Hindmarsh argues that the application of *res judicata* under these circumstances would work a hardship on her and other small claims plaintiffs because they do not have an attorney to advise them of the necessity of bringing all claims at one time. This argument overlooks the provisions of Idaho Rule of Civil Procedure 81(i), which permits a magistrate judge in a small claims case to "vacate, reconsider, or correct clerical errors in the judgment, at any time" upon the grounds provided in Rules 55(c), 60(a) and (b) or other good cause. While Hindmarsh did file a Rule 60(b) motion, that motion was filed in the district court case and no Rule 81 motion was filed in the small claims case. Had she obtained relief from the small claims judgment, there would have been no bar to her assertion of all relevant claims in the district court action.

Furthermore, Hindmarsh's case does not fit into any of the unique situations where courts have held that *res judicata* does not apply. First, Hindmarsh's claim for physical injuries was ripe at the commencement of the small claims court litigation, which occurred almost six months after the auto collision. *Cf. Duthie v. Lewiston Gun Club,* 104 Idaho 751, 754, 663 P.2d 287, 290 (1983) (holding bar of *res judicata* inapplicable where matters raised in the second suit were not ripe for adjudication in the prior action). Hindmarsh's claim that Mock acquiesced in splitting the claims is simply not true. To the contrary, Mock appeared and actively defended the small claims case. Next, the small claims court had jurisdiction to award damages for personal injuries, and it was Hindmarsh's choice to bring suit in a court where her damages were capped by a jurisdictional amount. *See* I.C. § 1–2301 (1995); *see also Williams,* 109 Idaho at 398, 707 P.2d at 509 (applying *res judicata* despite the fact that plaintiff was only able to recover a portion of the claim due to recovery limit in small claims court because plaintiff had the option of suing for the entire amount in a court of general jurisdiction). Finally, there

is no relevant statutory exception permitting claim splitting of small claims court causes of action.

## IV.

### CONCLUSION

The law regarding *res judicata* is settled, and Hindmarsh fails to overcome *stare decisis*. *Res judicata* prohibits subsequent litigation for personal injuries in district court after a small claims judgment was rendered on property damage incurred by the same parties in the same automobile collision. Having obtained a judgment for property damage in small claims court, Hindmarsh is barred from bringing suit for personal injuries sustained in the same accident. Therefore, we affirm the district judge's decision granting summary judgment against Hindmarsh. We award costs to respondent.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN, concur.