IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40940

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 850 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 9, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSEPH EARL PRATT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of illegal sentence, affirmed.

Joseph Earl Pratt, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Joseph Earl Pratt was convicted of numerous offenses, including first degree murder, for acts that occurred in 1989. In 1994, the Idaho Supreme Court held that the murdered law enforcement officer was not "acting in the lawful discharge of an official duty" because he was outside of his geographic jurisdiction. Since then, Pratt has filed eight motions seeking sentencing relief pursuant to Idaho Criminal Rule 35. This appeal concerns the most recent of Pratt's motions, which was denied below on res judicata grounds.

This Court set forth the relevant details concerning Pratt's conviction in a prior case:

In November 1989, Pratt was convicted of first degree burglary, robbery, second degree kidnapping, ten counts of aggravated assault, aggravated assault upon a law enforcement officer, attempted first degree murder, and first degree murder. The first degree murder conviction was based on two grounds--that the

killing occurred during the perpetration or attempted perpetration of robbery, burglary, or kidnapping, Idaho Code section 18-4003(d), and that the person killed was a peace officer acting within the scope of his duties, I.C. § 18-4003(b).

*State v. Pratt*, Docket No. 35602 (Ct. App. Oct. 14, 2009) (unpublished decision and internal citations omitted).

On Pratt's direct appeal, the Idaho Supreme Court held that the murdered officer was not "acting in the lawful discharge of an official duty" because the officer's authority did not extend outside of the National Forest System. *State v. Pratt*, 125 Idaho 594, 598, 873 P.2d 848, 852 (1994). However, the Court affirmed the first degree murder conviction because there was no error regarding the alternative predicate, "a murder committed in the perpetration of, or attempt to perpetrate robbery, burglary or kidnapping, or felony murder." *Id.* Since then, Pratt has filed numerous Rule 35 motions seeking relief on a variety of grounds. In 2001, the district court provided some relief; it amended the judgment of conviction to remove any reference to the peace officer predicate for the first degree murder conviction. However, at that time, the court held that "there is no basis to revisit Pratt's sentences." Pratt responded by filing "a series of motions for reduction or correction of [Pratt's] sentences." *Pratt*, Docket No. 35602 (citations omitted). In one of his prior appeals, this Court addressed Pratt's sixth Rule 35 motion, in which he argued that "his sentence for first degree murder is illegal because one ground for the conviction was vacated." *Id.* There, "Pratt acknowledge[d] that he previously brought the illegal sentence issue to the district court and did not appeal that court's ruling." Accordingly, we held that "Pratt is barred by res judicata from trying to relitigate the same issues by filing successive Rule 35 motions."

On February 7, 2013, Pratt filed another successive Rule 35 motion, the eighth by his count. In his new motion, he repeated the same basic arguments he has made in prior appeals; he argued that when sentencing Pratt, the district court impermissibly considered the fact that the victim was a peace officer acting in the line of duty because, as a matter of law, the officer was not killed while acting in the lawful discharge of an official duty.[1] The district court denied this eighth motion on the basis that it is barred by res judicata.

---

[1] Although Pratt frames his claim as an issue of fairness, he largely fails to explain why his sentence is unfair. The Supreme Court rendered a technical ruling that the officer was not acting in the line of duty, within the meaning of Idaho's first degree murder statute, because of the

Unfortunately for Pratt, the law regarding res judicata has not changed, in any relevant respect, since his last appeal to this Court on this issue.[2] Res judicata "covers both claim preclusion (true res judicata) and issue preclusion (collateral estoppel)." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 123, 157 P.3d 613, 617 (2007). Claim preclusion, the doctrine applicable in this case, has three elements: "(1) same parties; (2) same claim; and (3) final judgment." *Id.* at 124, 157 P.3d at 618; *see Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). Pratt appears to argue that unless he was physically present in court when a court acted on his Rule 35 motions, his appeal, or other proceedings, he could not be a "party" bound by res judicata. We disagree. Pratt litigated the issue as a party both in the underlying criminal case and in his Rule 35 motions.

We also conclude that the claim is the "same claim" because res judicata "bars not only subsequent relitigation of a claim previously asserted, but also subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made." *Hindmarsh*, 138 Idaho at 94, 57 P.3d at 805; *see Ticor Title Co.*, 144 Idaho at 123, 157 P.3d at 617. We previously held that Pratt's claims were subject to res judicata because the issues raised in Pratt's sixth Rule 35 motion, filed on March 23, 2007, were litigated or should have been litigated in a prior case. Here, we conclude that the issue at bar in this appeal is the "same claim" as the issue raised in Pratt's sixth Rule 35 motion. Accordingly, the prior holding

---

geographic limits of the officer's jurisdiction. The fact remains that Pratt and his brother were convicted of engaging in a series of criminal acts, including a shootout with officers, which led to the death of a peace officer. Idaho's sentencing law authorizes the court to consider several objectives including, *inter alia*, "the good order and protection of society" and "punishment or retribution for wrongdoing." *See State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Therefore, even if Pratt were to be granted a resentencing, the sentencing court would be authorized to consider the fact that the victim was a peace officer (albeit not discharging his official duties when he was killed) as an aggravating circumstance; Pratt's culpability and risk to the public are not meaningfully mitigated by the Idaho Supreme Court's technical ruling that the officer was outside of his jurisdiction when the murder occurred.

[2] Pratt appears to argue that the court erred by applying the principle of res judicata in this case because the State did not plead that issue. However, Pratt's Rule 35 motion was not a civil complaint to which the State was required to file a responsive pleading raising defenses. The district court was free to analyze the validity of Pratt's motion even if the State made no response at all.

of this Court applies to this appeal, and we will again hold that "Pratt is barred by res judicata from trying to relitigate the same issues by filing successive Rule 35 motions." As before, "we will not discuss the substantive arguments set forth in support or in opposition to the motions."

A few additional words are required, however, to address Pratt's contention that the district court and the Idaho Supreme Court in prior proceedings lacked subject matter jurisdiction, an issue that cannot be barred by estoppel or waived by the actions of a party. *See State v. Armstrong*, 146 Idaho 372, 374, 195 P.3d 731, 733 (Ct. App. 2008). As to the Supreme Court, Pratt appears to argue that the court lacked jurisdiction to enter its order vacating his conviction, in part, because (1) the appeal amounted to a sentencing proceeding, (2) he was entitled to be present at the sentencing proceeding, and (3) his absence divested the court of subject matter jurisdiction. This argument is specious for numerous reasons, including that Pratt's direct appeal was not a sentencing proceeding. We need not address that contention further. Likewise, to the extent Pratt argues that the district court was divested of subject matter jurisdiction to rule on the Rule 35 motions because Pratt was not physically present, he is again incorrect. An order denying a Rule 35 motion; i.e., refusing to alter a defendant's sentence, is not a "sentencing" and the defendant therefore need not be present.

Pratt's subject matter jurisdiction argument is without merit. His other claims of error are barred by res judicata. Accordingly, we affirm the order of the district court denying Pratt's Rule 35 motion.