IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 49495

| | | |
|---|---|---|
| CRAIG WATSON and SERENA L. WATSON, | ) ) | Filed: March 14, 2023 |
| | ) | |
| Plaintiffs-Appellants, | ) ) | Melanie Gagnepain, Clerk |
| | ) | |
| v. | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING LP fka COUNTRYWIDE HOME LOANS SERVICING, | ) ) ) ) | BE CITED AS AUTHORITY |
| | ) | |
| Defendants-Respondents, | ) ) | |
| | ) | |
| and | ) ) | |
| | ) | |
| BENJAMIN MANN and DOES 1-5 inclusive, as it concerns that certain real property described as: Lot 9 Block 2, River Ridge Terrace, According to the Plat Recorded in Book "F" of Plats at Page 93, Records of Kootenai County, Idaho, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of dismissal, affirmed.

Craig Watson and Serena L. Watson, pro se appellants.

Givens Pursley, LLP; Amber N. Dina, Boise, for respondent.

GRATTON, Judge

Craig and Serena Watson (the Watsons) appeal the district court's dismissal of their complaint. For the reasons provided below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a set of transactions or events previously litigated by the Watsons. In May 2005, the Watsons purchased their home through a promissory note secured by a deed of trust. GreenPoint Mortgage Funding, Inc., was the lender; North Idaho Title was the trustee; and Mortgage Electronic Registration Systems was the nominee for the lender. After the Watsons were sent a notice of default for nonpayment, in May 2010, the Watsons applied for and received a loan modification from Bank of America (BANA), and the interest in the deed of trust was assigned to BANA. In June 2013, BANA assigned its interest to Green Tree Servicing, LLC (Green Tree). The Watsons stopped making payments and BANA transferred its interest to Green Tree. Green Tree appointed Northwest Trustee Services, Inc. (NTS) as successor trustee, after which the Watsons were sent a notice of default, and foreclosure was initiated on behalf of Green Tree.

In August 2014, the Watsons filed a complaint against BANA and several other defendants who are not parties to this appeal. In that lawsuit, the Watsons alleged BANA failed to execute the 2010 modification, failed to credit payments, and lacked standing to foreclose. The claims asserted were breach of contract, wrongful foreclosure, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and fraud and the Watsons requested declaratory relief, injunctive relief, and punitive damages. BANA's motion to dismiss was granted in September 2015. The Watsons appealed and this Court affirmed the dismissal in September 2016. *Watson v. Bank of America, N.A., et al*, Docket No. 43668 (Ct. App., Nov. 27, 2016) (unpublished).

Eventually, the Watsons' home was sold at a foreclosure sale in April 2018. The beneficiary of the note and deed of trust at the time was Green Tree. The notice of trustee sale stated the beneficiary declared default due to the Watsons' "failure to make monthly payments beginning September 1, 2010." The Watsons subsequently filed suit against BANA[1] for conversion related to wrongful foreclosure, fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and requested declaratory relief and punitive damages. BANA filed a motion to dismiss asserting res judicata and statute of limitation defenses.

---

[1]     Benjamin Mann was also a party to the lawsuit. Mann was the trustee who conducted the foreclosure. The parties stipulated for his dismissal and the district court approved and ordered his dismissal in July 2021.

Additionally, BANA filed a motion for judicial notice. The district court took judicial notice, determined it was considering matters outside the pleading and, thus, treated BANA's motion to dismiss as a motion for summary judgment pursuant to Idaho Rule of Civil Procedure 56.[2] The district court granted BANA's summary judgment motion finding the Watsons' claims were barred by res judicata. The Watsons filed a motion for reconsideration which the district court denied. The Watsons timely appeal.

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts

---

[2]    We will hereafter refer to BANA's motion to dismiss as a motion for summary judgment. In addition, the Watsons contend that the district court erred in considering the motion to dismiss under summary judgment standards. However, Idaho Rule of Civil Procedure 12(d) provides that if, on a motion to dismiss under I.R.C.P. 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as a motion for summary judgment under Rule 56. As matters outside the pleadings were considered by the district court, the court did not err in considering the motion under I.R.C.P. 56.

and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.2d 613, 616 (2007). Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). As a general proposition, res judicata prevents litigants who were parties in a prior action and those in privity with them from bringing or having to defend a claim arising from the transaction or series of transactions giving rise to the first suit. *Id.*

## III.

## ANALYSIS

The Watsons argue the district court erred when it granted summary judgment in favor of BANA because wrongful foreclosure was a new claim that was not barred by res judicata. BANA contends all the conduct alleged by the Watsons now was part of the same transaction out of which the 2014 litigation arose; as a result, res judicata bars the Watsons' current lawsuit. We affirm the district court's order granting BANA's motion for summary judgment.[3]

As an initial matter, the Watsons failed to cite to the record in their opening appellate brief. Idaho Appellate Rule 35(a)(6) required the Watsons to support their arguments with "citations to . . . the transcripts and record relied upon." An appellate court will not search the record on appeal for error. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). "Consequently, to the extent an assignment of error is not argued and supported in compliance with the [Idaho Appellate Rules], it is deemed to be waived." *Id.*; *see also Baughman v. Wells Fargo Bank, N.A.*, 162 Idaho 174, 180, 395 P.3d 393, 399 (2017) (holding that because party did not support claim with any citations to record supporting it, Court would not consider it). While the Watsons attach

---

[3]     For the first time on appeal, the Watsons suggest they have been denied their right to a jury trial. "A properly granted summary judgment is not a violation to one's right to jury trial under the Idaho Constitution." *Dep't of Fin., Sec. Bureau v. Zarinegar*, 167 Idaho 611, 623, 474 P.3d 683, 695 (2020). Since we hold the district court did not err when it properly dismissed the Watsons' case, the Watsons' right to a jury trial was not violated.

some purported exhibits, the opening brief on appeal does not include a single citation to the record or any transcript. For this reason, we affirm the district court.

Nonetheless, the district court did not err. The doctrine of res judicata contains both claim preclusion (true res judicata) and issue preclusion (collateral estoppel). *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). Claim preclusion bars a subsequent action between the same parties upon the same claim that was already adjudicated in a valid final judgment on the merits. *Id.* Therefore, to apply claim preclusion, three elements must exist: "(1) same parties; (2) same claim; and (3) final judgment." *Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618.

> Simply put, the doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever."

*Knox v. State ex rel. Otter*, 148 Idaho 324, 338, 223 P.3d 266, 280 (2009) (quoting *Nevada v. United States*, 463 U.S. 110, 129-30 (1983)).

Neither party disputes this lawsuit involves the same parties and a final judgment from 2015. The Watsons argue, however, that their claim for conversion related to wrongful foreclosure is a new claim.[4] "Under Idaho law, a wrongful foreclosure action is equated with a cause of action for conversion." *Houpt v. Wells Fargo Bank, Nat. Ass'n*, 160 Idaho 181, 189, 370 P.3d 384, 392 (2016). In *Houpt*, the Court held that "a cause of action for attempted wrongful foreclosure does not exist and that an action for wrongful foreclosure does not accrue until after a foreclosure sale is completed and title is 'taken' by the purchaser." *Id.* at 190, 370 P.3d at 393. The Watsons

---

[4]    The Watsons do not address the propriety of dismissal of any of the other asserted causes of action. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Further, this Court previously affirmed dismissal of those causes of action and each, as set forth in the Second Amended Complaint, is based upon the same operative facts and transactions claimed in the 2014 suit (i.e., the alleged misapplication of payment and related misrepresentations occurring in 2010); and the Watsons do not dispute BANA's alternative argument that these claims are barred by the applicable statutes of limitation. An appellate court may affirm a trial court's decision on a legal theory different from the one applied by that court so long as the trial court had the opportunity to rule on the alternative theory. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990).

contend that because the foreclosure sale of their home did not occur until April 2018, their claim for wrongful foreclosure was not ripe during the 2014 litigation.

We reject the Watsons' assertion that the wrongful foreclosure claim is a different claim than those alleged in the 2014 litigation. "[W]e focus on the transaction or series of transactions out of which the cause of action arose, rather than the label placed on a specific cause of action by a party." *Carter v. Gateway Parks, LLC*, 168 Idaho 428, 438-39, 483 P.3d 971, 981-82 (2020).

> Whether a factual grouping constitutes a transaction is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

*Ticor Title Co.*, 144 Idaho at 126, 157 P. 3d at 620 (quoting *Aldape v. Akins*, 105 Idaho 254, 259, 668 P.2d 130, 135 (Ct. App. 1983)).

The evidence underlying the Watsons' wrongful foreclosure claim against BANA is the same evidence underlying their claims in the 2014 litigation. The Watsons argue the wrongful foreclosure occurred due to BANA's misconduct starting around September 2010. The Watsons allege BANA misrepresented facts on the home loan document including an escrow shortage. The Watsons filed their 2014 complaint because BANA allegedly did not credit their August 2010 payment and made related misrepresentations. The district court found BANA properly credited the August 2010 payment and this Court affirmed.[5] The Watsons argue that since the August payment was credited, BANA should not have demanded over $1,800 in September 2010 and threatened acceleration in October 2010. The Watsons contend these demands were not the terms due under the modification contract.

---

[5] The Watsons argue they had no way to know that the district court would find the August 2010 payment properly credited, which in turn, meant they had no way to know they needed to make further challenges (as to other payments) in their 2014 litigation. "Pro se litigants are held to the same standards and rules as those represented by an attorney." *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005) (quoting *Twin Falls County v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003)). Moreover, "Pro se litigants are not accorded any special consideration simply because they are representing themselves and are not excused from adhering to procedural rules." *Nelson v. Nelson*, 144 Idaho 710, 718, 170 P.3d 375, 383 (2007). Consequently, any claims the Watsons should have made in 2014 but failed to claim remain barred by res judicata.

6

All of this conduct either was raised or could have been raised during the 2014 litigation.[6] The Watsons received an adverse judgment in their 2014 litigation and under res judicata BANA's conduct prior to 2014 cannot be re-litigated, nor can it be the foundation of a new claim. *See Knox*, 148 Idaho at 338, 223 P.3d at 280. Accordingly, the district court correctly found that there was no genuine issue of material fact and BANA was entitled to summary judgment based on res judicata.[7]

## IV.

## CONCLUSION

The Watsons failed to show a genuine issue of material fact and BANA was entitled to judgment as a matter of law. Costs, but not attorney fees are awarded to BANA. Accordingly, we affirm the district court's judgment dismissing the Watsons' claims.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

---

[6] Watsons allege BANA remained involved in 2017 by combining the first and second lien in 2017. They purport to support this allegation with "Exhibit 15" attached to their appellant's brief. This exhibit was not in the record before the district court and, therefore, we will not consider it on appeal.

[7] Furthermore, the Watsons do not dispute that BANA was not involved with the actual foreclosure. The Watsons allege BANA remains the "lender" who "advanced the funds" and never provided written notice of selling to a different entity. However, this Court previously noted that the assignment of deed of trust in 2013 shows BANA conveyed all their interest in the property to Green Tree. Green Tree was the beneficiary who declared a default and foreclosed upon the Watsons' home. *Watson v. Bank of America, N.A., et al*, Docket No. 43668 (Ct. App., Nov. 27, 2016) (unpublished). Thus, there is no genuine issue of material fact as to the Watsons' conversion claim because BANA was not the entity who asserted dominion over the Watsons' property. *See Houpt v. Wells Fargo Bank, Nat. Ass'n*, 160 Idaho 181, 190, 370 P.3d 384, 393 (2016).